No. 16,905.

ESHE *v.* ESHE, EXECUTRIX.
(255 P. [2d] 753)

Decided March 30, 1953.

Mr. CHARLES F. STEWART, Mr. ROBERT DELANEY, for plaintiff in error.

Messrs. COLE & COLE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

We will herein refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff and Jacob Eshe had been husband and wife for more than twenty-one years prior to Jacob's death April 23rd, 1950. At the time of his death Jacob was eighty years of age. Surviving him were: Annie, his

widow; a brother, Oliver, residing in Greeley, Colorado, who was about ninety years old; an adopted daughter; Ernest Eshe, the defendant, who was the son of a half brother; and Violet (Mrs. W. H. Eshe who was named a defendant, but over whom the trial court acquired no jurisdiction due to lack of service of process upon her), the widow of a deceased brother.

April 16, 1950, Jacob Eshe was admitted to a hospital in Grand Junction and an abdominal operation was performed on him the same day. April 19, 1950, following a severe abdominal convulsion, the large operative wound broke open and the patient completely eviscerated himself. Doctors immediately attempted to replace the bowels and repair the damage. April 20th, in the afternoon or early evening, there were brought to his bedside a bill of sale, transferring livestock and other personnel property to defendant Ernest Eshe, and three quitclaim deeds, two of which purported to convey real estate to Ernest L. Eshe, and the other purporting to convey real estate to Mrs. W. H. Eshe. All of these instruments were signed by Jacob, and are the documents with which this action is primarily concerned.

Plaintiff alleged that said instruments should be declared void for the reason that Jacob Eshe was not mentally competent to execute them, and for the further reason that they were procured by the exercise of undue influence on the part of defendant Ernest L. Eshe. These allegations were denied by defendant. The trial court found the issues in favor of plaintiff; appropriate judgment was entered; and defendant, seeking a review of that judgment brings the case here by writ of error.

Four points are argued as grounds for reversal of the judgment, each of which is directed to a particular portion of the findings of the trial court. Reduced to basic essentials, counsel in their argument present but one question for determination. That question is: Does the evidence support the findings of the trial court?

Plaintiff called a total of ten witnesses, seven of whom

testified concerning matters occurring prior to the admission of Jacob Eshe to the hospital in Grand Junction, and three of them testified concerning matters connected with his stay in the hospital and prior thereto. Defendant called a total of sixteen witnesses, eleven of whom testified concerning matters occurring prior to the time that Jacob was taken to the hospital, and five testified concerning matters which occurred in the hospital.

The findings of the trial court were specific and contained a detailed analysis of much of the testimony. The conclusion reached was: (1) That Jacob Eshe was incompetent to execute the questioned instruments; and (2) that their execution was induced by undue influence. As the necessary result, all questioned instruments were adjudged to be void, and plaintiff, as executrix, was held entitled to possession of the property involved together with certain rentals and money received by defendant under color of said instruments. The court retained jurisdiction for purposes of accounting and making its decree effective.

No good purpose would be served by setting forth the evidence which we find amply sufficient to support the findings made by the trial court. Our conclusion is that, under the familiar rule, these findings will not be disturbed on this review. Credibility of witnesses and weight of evidence were matters exclusively within the province of the trial court, who had opportunity to apply those well-known tests which, though intangible and not subject to recordation in written transcripts, nevertheless are of transcendent importance in the delicate art of determining the truth from conflicting testimony.

Accordingly the judgment is affirmed.

MR. JUSTICE CLARK not participating.